ORIGINAL

1  GEORGE M. NEWCOMBE (SBN 202898)
   gnewcombe@stblaw.com
2  JEFFREY E. OSTROW (SBN 213118)
   jostrow@stblaw.com
3  SIMPSON THACHER & BARTLETT LLP
   2550 Hanover Street
4  Palo Alto, California 94304
   Telephone:  (650) 251-5000
5  Facsimile:  (650) 251-5002

6  HENRY B. GUTMAN (*pro hac vice* pending)
   hgutman@stblaw.com
7  VICTOR E. COLE (*pro hac vice* pending)
   vcole@stblaw.com
8  SIMPSON THACHER & BARTLETT LLP
   425 Lexington Avenue
9  New York, New York 10017-3954
   Telephone: (212) 455-2000
10 Facsimile: (212) 455-2502

11 Attorneys for Defendant
   SiRF TECHNOLOGY, INC.

12

13             UNITED STATES DISTRICT COURT

14        FOR THE CENTRAL DISTRICT OF CALIFORNIA

15                  SOUTHERN DIVISION

16 BROADCOM CORPORATION,          Case No. SACV08-546 JVS (MLGx)

17                    Plaintiff,  **DEFENDANT SiRF
                                  TECHNOLOGY, INC.'S ANSWER**
18        v.                      **AND COUNTERCLAIMS TO
                                  BROADCOM CORPORATION'S**
19 SiRF TECHNOLOGY, INC.,         **COMPLAINT FOR PATENT
                                  INFRINGEMENT AND DEMAND**
20                    Defendant.  **FOR JURY TRIAL**

21

22

23

24

25

26

27

28

1    Defendant SiRF Technology, Inc. ("SiRF"), by and through its
2  undersigned counsel, responds to the Complaint for Patent Infringement and
3  Demand for Jury Trial ("Complaint") of Plaintiff Broadcom Corporation
4  ("Plaintiff") and further counterclaims as follows:

**JURISDICTION AND VENUE**

6    1.    SiRF admits that Plaintiff purports to bring this action under the patent
7  laws of the United States, Title 35 U.S.C. §§ 1 *et seq.*, and that Plaintiff purports to
8  assert subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  To the
9  extent there are additional allegations in Paragraph 1 of the Complaint, SiRF lacks
10  knowledge or information sufficient to form a belief as to the truth of those
11  additional allegations, and on that basis, SiRF denies those additional allegations.

12    2.    For the purposes of this action, SiRF admits that it does business in the
13  Central District of California, and, on that basis, does not contest that personal
14  jurisdiction is proper in the Central District of California.  To the extent there are
15  additional allegations in Paragraph 2 of the Complaint, SiRF lacks knowledge or
16  information sufficient to form a belief as to the truth of those additional allegations,
17  and on that basis, SiRF denies those additional allegations.

18    3.    SiRF denies that it has committed acts of infringement in the Central
19  District of California or elsewhere.  SiRF admits that it does business in the Central
20  District of California, and, for the purposes of this action, does not contest that
21  venue is proper in the Central District of California.  The remaining allegations set
22  forth in Paragraph 3 state a legal conclusion to which no response is required; if
23  such a response is required, SiRF denies those allegations.

**PARTIES**

25    4.    SiRF lacks knowledge or information sufficient to form a belief as to
26  the truth of the allegations set forth in Paragraph 4 of the Complaint, and on that
27  basis denies those allegations.

28    5.    Admitted.

DEFENDANT SiRF TECHNOLOGY, INC.'S ANSWER AND COUNTERCLAIMS TO COMPLAINT

1 | **ALLEGED FACTS**

2 | 6.   Denied.

3 | 7.   SiRF admits that exhibit "A" of the Complaint purports to be a copy of

4 | United States Patent No. 7,310,104 (the "'104 Patent"), and SiRF refers Plaintiff to

5 | that document for its full and complete contents.  SiRF denies all characterizations

6 | inconsistent therewith.  SiRF denies that the '104 Patent was duly or legally issued

7 | or that it is valid.  To the extent there are additional allegations in Paragraph 7 of the

8 | Complaint, SiRF lacks knowledge or information sufficient to form a belief as to the

9 | truth of those additional allegations, and on that basis, SiRF denies those additional

10 | allegations.

11 | 8.   SiRF admits that exhibit "B" of the Complaint purports to be a copy of

12 | United States Patent No. 6,501,480 (the "'480 Patent"), and SiRF refers Plaintiff to

13 | that document for its full and complete contents.  SiRF denies all characterizations

14 | inconsistent therewith.  SiRF denies that the '480 Patent was duly or legally issued

15 | or that it is valid.  To the extent there are additional allegations in Paragraph 8 of the

16 | Complaint, SiRF lacks knowledge or information sufficient to form a belief as to the

17 | truth of those additional allegations, and on that basis, SiRF denies those additional

18 | allegations.

19 | 9.   SiRF admits that exhibit "C" of the Complaint purports to be a copy of

20 | United States Patent No. 6,747,497 (the "'497 Patent"), and SiRF refers Plaintiff to

21 | that document for its full and complete contents.  SiRF denies all characterizations

22 | inconsistent therewith.  SiRF denies that the '497 Patent was duly or legally issued

23 | or that it is valid.   To the extent there are additional allegations in Paragraph 9 of

24 | the Complaint, SiRF lacks knowledge or information sufficient to form a belief as to

25 | the truth of those additional allegations, and on that basis, SiRF denies those

26 | additional allegations.

27 | 10.   SiRF admits that exhibit "D" of the Complaint purports to be a copy of

28 | United States Patent No. 5,524,127 (the "'127 Patent"), and SiRF refers Plaintiff to

DEFENDANT SiRF TECHNOLOGY, INC.'S ANSWER AND COUNTERCLAIMS TO COMPLAINT

1  that document for its full and complete contents.  SiRF denies all characterizations
2  inconsistent therewith.  SiRF denies that the '127 Patent was duly or legally issued
3  or that it is valid.  To the extent there are additional allegations in Paragraph 10 of
4  the Complaint, SiRF lacks knowledge or information sufficient to form a belief as to
5  the truth of those additional allegations, and on that basis, SiRF denies those
6  additional allegations.

7      11.    SiRF lacks knowledge or information sufficient to form a belief as to
8  the truth of the allegations set forth in Paragraph 11 of the Complaint, and on that
9  basis denies those allegations.

10     12.    To the extent that the allegation that SiRF is a "fabless" chip company
11  set forth in Paragraph 12 of the Complaint means that SiRF does not own a
12  semiconductor fabrication facility, SiRF admits that it does not own a
13  semiconductor fabrication facility.  SiRF denies all characterizations inconsistent
14  therewith.  To the extent that the allegation that SiRF uses contract manufacturers to
15  make components for Global Positioning System devices means that an entity enters
16  into agreements with foundries to manufacture components, SiRF admits that such
17  agreements with foundries exist.  SiRF denies all characterizations inconsistent
18  therewith.  To the extent there are additional allegations in Paragraph 12 of the
19  Complaint, SiRF lacks knowledge or information sufficient to form a belief as to the
20  truth of those additional allegations, and on that basis, SiRF denies those additional
21  allegations.

22     13.    SiRF admits that it designed, sold, and supported a line of products
23  called "SiRFstar III".  SiRF denies all characterizations inconsistent therewith.
24  SiRF lacks knowledge or information sufficient to form a belief as to the truth of the
25  remaining allegations set forth in Paragraph 13 of the Complaint, and on that basis
26  denies those allegations.

27     14.    SiRF denies that it designed, sold, or supported a line of products called
28  "Centrality Titan".  SiRF lacks knowledge or information sufficient to form a belief

1  as to the truth of the remaining allegations set forth in Paragraph 14 of the
2  Complaint, and on that basis denies those allegations.

3         15.    SiRF denies that it had prior knowledge of the '104 Patent, the '480
4  Patent, the '497 Patent, and the '127 Patent (collectively, the "Broadcom Patents in
5  Suit").

6              **ALLEGED INFRINGEMENT OF U.S. PAT. NO. 7,310,104**

7         16.    Paragraph 16 incorporates the allegations of Paragraphs 1 through 15 of
8  the Complaint, SiRF therefore incorporates by reference its responses to Paragraphs
9  1 through 15 of the Complaint as if fully set forth herein.

10        17.    Denied.

11        18.    SiRF incorporates by reference its responses to the allegations in the
12 Complaint.  SiRF denies infringement and, therefore, denies that Plaintiff has
13 suffered, is suffering, or will continue to suffer injury to its business and property
14 rights.  SiRF denies that Plaintiff is entitled to any damages.

15        19.    SiRF incorporates by reference its responses to the allegations in the
16 Complaint.  SiRF denies infringement and, therefore, denies that Plaintiff has
17 suffered, is suffering, or will continue to suffer irreparable harm for which there is
18 no adequate remedy at law.  SiRF denies that Plaintiff is entitled to any injunctive
19 relief.

20             **ALLEGED INFRINGEMENT OF U.S. PAT. NO. 6,501,480**

21        20.    Paragraph 20 incorporates the allegations of Paragraphs 1 through 15 of
22 the Complaint, SiRF therefore incorporates by reference its responses to Paragraphs
23 1 through 15 of the Complaint as if fully set forth herein.

24        21.    Denied.

25        22.    SiRF incorporates by reference its responses to the allegations in the
26 Complaint.  SiRF denies infringement and, therefore, denies that Plaintiff has
27 suffered, is suffering, or will continue to suffer injury to its business and property
28 rights.  SiRF denies that Plaintiff is entitled to any damages.

23.    SiRF incorporates by reference its responses to the allegations in the Complaint. SiRF denies infringement and, therefore, denies that Plaintiff has suffered, is suffering, or will continue to suffer irreparable harm for which there is no adequate remedy at law. SiRF denies that Plaintiff is entitled to any injunctive relief.

## ALLEGED INFRINGEMENT OF U.S. PAT. NO. 6,747,497

24.    Paragraph 24 incorporates the allegations of Paragraphs 1 through 15 of the Complaint, SiRF therefore incorporates by reference its responses to Paragraphs 1 through 15 of the Complaint as if fully set forth herein.

25.    Denied.

26.    SiRF incorporates by reference its responses to the allegations in the Complaint. SiRF denies infringement and, therefore, denies that Plaintiff has suffered, is suffering, or will continue to suffer injury to its business and property rights. SiRF denies that Plaintiff is entitled to any damages.

27.    SiRF incorporates by reference its responses to the allegations in the Complaint. SiRF denies infringement and, therefore, denies that Plaintiff has suffered, is suffering, or will continue to suffer irreparable harm for which there is no adequate remedy at law. SiRF denies that Plaintiff is entitled to any injunctive relief.

## ALLEGED INFRINGEMENT OF U.S. PAT. NO. 5,524,127

28.    Paragraph 28 incorporates the allegations of Paragraphs 1 through 15 of the Complaint, SiRF therefore incorporates by reference its responses to Paragraphs 1 through 15 of the Complaint as if fully set forth herein.

29.    Denied.

30.    SiRF incorporates by reference its responses to the allegations in the Complaint. SiRF denies infringement and, therefore, denies that Plaintiff has suffered, is suffering, or will continue to suffer injury to its business and property rights. SiRF denies that Plaintiff is entitled to any damages.

31.     SiRF incorporates by reference its responses to the allegations in the Complaint.  SiRF denies infringement and, therefore, denies that Plaintiff has suffered, is suffering, or will continue to suffer irreparable harm for which there is no adequate remedy at law.  SiRF denies that Plaintiff is entitled to any injunctive relief.

## PRAYER FOR RELIEF

32.     SiRF denies that Plaintiff is entitled to the relief requested in paragraphs (a) – (e).

## DEMAND FOR JURY TRIAL

33.     SiRF admits that Plaintiff demands a trial by jury on all issues so triable in this action pursuant to Local Rule 38-1 and Fed. R. Civ. P. 38(b).

34.     To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, SiRF denies them.

## DEFENSES

Without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, SiRF, for its defenses, pleads:

## FIRST DEFENSE
## (INVALIDITY OF U.S. PAT. NO. 7,310,104)

35.     The '104 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

## SECOND DEFENSE
## (INVALIDITY OF U.S. PAT. NO. 6,501,480)

36.     The '480 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

## THIRD DEFENSE
## (INVALIDITY OF U.S. PAT. NO. 6,747,497)

37.     The '497 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

## FOURTH DEFENSE
## (INVALIDITY OF U.S. PAT. NO. 5,524,127)

38.     The '127 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

## FIFTH DEFENSE
## (NON-INFRINGEMENT OF U.S. PAT. NO. 7,310,104)

39.     SiRF has not infringed, induced another to infringe, or contributed to another's infringement of any valid and enforceable claim the '104 Patent.

## SIXTH DEFENSE
## (NON-INFRINGEMENT OF U.S. PAT. NO. 6,501,480)

40.     SiRF has not infringed, induced another to infringe, or contributed to another's infringement of any valid and enforceable claim of the '480 Patent.

## SEVENTH DEFENSE
## (NON-INFRINGEMENT OF U.S. PAT. NO. 6,747,497)

41.     SiRF has not infringed, induced another to infringe, or contributed to another's infringement of any valid and enforceable claim the '497 Patent.

## EIGHTH DEFENSE
## (NON-INFRINGEMENT OF U.S. PAT. NO. 5,524,127)

42.     SiRF has not infringed, induced another to infringe, or contributed to another's infringement of any valid and enforceable claim of the '127 Patent.

## NINTH DEFENSE

## (CLAIMS BARRED)

43.    Plaintiff's claims are barred in whole or in part based on prosecution history estoppel and/or prosecution history disclaimer.

## TENTH DEFENSE

## (LIMITATIONS ON DAMAGES AND COSTS)

44.    Plaintiff failed to provide adequate notice to SiRF of alleged infringement and thus, is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of the Complaint.  Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## ELEVENTH DEFENSE

## (PLAINTIFF CANNOT PROVE EXCEPTIONAL CASE)

45.    Plaintiff cannot prove that this is an exceptional case justifying award of attorney fees against SiRF pursuant to 35 U.S.C. § 285.

## TWELFTH DEFENSE

## (EQUITABLE DEFENSES)

46.    Plaintiff is barred in whole or in part under principles of equity, including laches, prosecution laches, waiver, estoppel, and/or unclean hands. Plaintiff is also barred by issue preclusion from re-asserting or altering its positions on factual and legal issues that were previously adjudicated.

## THIRTEENTH DEFENSE

## (ADEQUATE REMEDY AT LAW)

47.    Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable and Plaintiff has an adequate remedy at law.

## FOURTEENTH DEFENSE

## (WAIVER)

48.    Plaintiff is barred from asserting the '104, '480, '497 and '127 Patents and/or from collecting damages thereunder, pursuant to the doctrine of waiver.

## FIFTEENTH DEFENSE
## (GOVERNMENT SALES)

49.     To the extent that certain products accused of infringing the '104, '480, '497 and '127 Patents are used by and/or manufactured for the United States Government, Plaintiff's claims against SiRF with respect to such products may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

## SIXTEENTH DEFENSE
## (FAILURE TO STATE A CLAIM)

50.     The Complaint fails to state a claim for which relief can be granted against SiRF.

## ADDITIONAL DEFENSES RESERVED
## (RESERVATION OF ADDITIONAL DEFENSES)

51.     SiRF reserves all defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future.

## COUNTERCLAIMS

Without waiver of any of its rights, including the right to seek dismissal and/or transfer of this action, SiRF, by and through its undersigned counsel, and by way of Counterclaims against Plaintiff, alleges:

## NATURE OF THE ACTION

1.     This is an action by defendant and counter-claimant SiRF pursuant to Rule 13 of the Federal Rules of Civil Procedure for declarations of non-infringement and invalidity of U.S. Pat. No. 7,310,104, 6,501,480, 6,747,497, and 5,524,127.

## PARTIES

2.     SiRF is a corporation organized under the laws of the State of Delaware and maintains its principal place of business at 217 Devcon Drive, San Jose, California 95112.

DEFENDANT SiRF TECHNOLOGY, INC.'S ANSWER AND COUNTERCLAIMS TO COMPLAINT

3.     Upon information and belief, Plaintiff is a corporation organized under the laws of the State of California and maintains its principal place of business in Irvine, California.

## JURISDICTION AND VENUE

4.     These counterclaims arise under the United States patent laws, 35 U.S.C. § 1, et seq., and seek relief for which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

6.     Plaintiff has sued SiRF for patent infringement of the '104, '480, '497 and '127 Patents.  SiRF denies infringement and denies that the patents are valid. There is therefore a substantial, actual, and continuing controversy between Plaintiff and SiRF as to the validity and infringement of the '104, '480, '497 and '127 Patents.

7.     Plaintiff has consented to personal jurisdiction by commencing its action for patent infringement in this judicial jurisdiction, as set forth in Plaintiff's Complaint.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PAT. NO. 7,310,104)

8.     SiRF repeats and realleges each allegation set forth in Paragraphs 1 through 7 of these counterclaims as though fully set forth herein.

9.     SiRF has not infringed and does not infringe any valid and/or enforceable claim of the '104 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

10.    A judicial declaration that SiRF does not infringe the '104 Patent is necessary and appropriate at this time so that SiRF can ascertain its rights and duties with respect to the products and/or services that Plaintiff accuses of infringing the '104 Patent.

## SECOND COUNTERCLAIM

## (DECLARATORY JUDGMENT OF

## NON-INFRINGEMENT OF U.S. PAT. NO. 6,501,480)

11.     SiRF repeats and realleges each allegation set forth in Paragraphs 1 through 10 of these counterclaims as though fully set forth herein.

12.     SiRF has not infringed and does not infringe any valid and/or enforceable claim of the '480 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

13.     A judicial declaration that SiRF does not infringe the '480 Patent is necessary and appropriate at this time so that SiRF can ascertain its rights and duties with respect to the products and/or services that Plaintiff accuses of infringing the '480 Patent.

## THIRD COUNTERCLAIM

## (DECLARATORY JUDGMENT OF

## NON-INFRINGEMENT OF U.S. PAT. NO. 6,747,497)

14.     SiRF repeats and realleges each allegation set forth in Paragraphs 1 through 13 of these counterclaims as though fully set forth herein.

15.     SiRF has not infringed and does not infringe any valid and/or enforceable claim of the '497 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

16.     A judicial declaration that SiRF does not infringe the '497 Patent is necessary and appropriate at this time so that SiRF can ascertain its rights and duties with respect to the products and/or services that Plaintiff accuses of infringing the '497 Patent.

## FOURTH COUNTERCLAIM

## (DECLARATORY JUDGMENT OF

## NON-INFRINGEMENT OF U.S. PAT. NO. 5,524,127)

17.     SiRF repeats and realleges each allegation set forth in Paragraphs 1

1  through 16 of these counterclaims as though fully set forth herein.

2      18.    SiRF has not infringed and does not infringe any valid and/or

3  enforceable claim of the '127 Patent, either directly or indirectly, literally, under the

4  doctrine of equivalents, or otherwise.

5      19.    A judicial declaration that SiRF does not infringe the '127 Patent is

6  necessary and appropriate at this time so that SiRF can ascertain its rights and duties

7  with respect to the products and/or services that Plaintiff accuses of infringing the

8  '127 Patent.

9                          **FIFTH COUNTERCLAIM**

10    **(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO.**

11                              **7,310,104)**

12     20.    SiRF repeats and realleges each allegation set forth in Paragraphs 1

13  through 19 of these counterclaims as though fully set forth herein.

14     21.    The '104 Patent is invalid under the provisions of United States Code,

15  Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-

16  statutory doctrine of double patenting, and the rules, regulations, and laws pertaining

17  thereto.

18     22.    A judicial declaration that the '104 Patent is invalid because it fails to

19  satisfy the conditions for patentability specified in Title 35 of the United States

20  Code is necessary and appropriate at this time so that SiRF can ascertain its rights

21  and duties with respect to the products and/or services Plaintiff accuses of infringing

22  the '104 Patent.

23                          **SIXTH COUNTERCLAIM**

24    **(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO.**

25                              **6,501,480)**

26     23.    SiRF repeats and realleges each allegation set forth in Paragraphs 1

27  through 22 of these counterclaims as though fully set forth herein.

28     24.    The '480 Patent is invalid under the provisions of United States Code,

DEFENDANT SiRF TECHNOLOGY, INC.'S ANSWER AND COUNTERCLAIMS TO COMPLAINT

1  Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-

2  statutory doctrine of double patenting, and the rules, regulations, and laws pertaining

3  thereto.

4       25.    A judicial declaration that the '480 Patent is invalid because it fails to

5  satisfy the conditions for patentability specified in Title 35 of the United States

6  Code is necessary and appropriate at this time so that SiRF can ascertain its rights

7  and duties with respect to the products and/or services Plaintiff accuses of infringing

8  the '224 Patent.

9  **SEVENTH COUNTERCLAIM**

10  **(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO.**

11  **6,747,497)**

12       26.    SiRF repeats and realleges each allegation set forth in Paragraphs 1

13  through 25 of these counterclaims as though fully set forth herein.

14       27.    The '497 Patent is invalid under the provisions of United States Code,

15  Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-

16  statutory doctrine of double patenting, and the rules, regulations, and laws pertaining

17  thereto.

18       28.    A judicial declaration that the '497 Patent is invalid because it fails to

19  satisfy the conditions for patentability specified in Title 35 of the United States

20  Code is necessary and appropriate at this time so that SiRF can ascertain its rights

21  and duties with respect to the products and/or services Plaintiff accuses of infringing

22  the '497 Patent.

23  **EIGHTH COUNTERCLAIM**

24  **(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO.**

25  **5,524,127)**

26       29.    SiRF repeats and realleges each allegation set forth in Paragraphs 1

27  through 28 of these counterclaims as though fully set forth herein.

28       30.    The '127 Patent is invalid under the provisions of United States Code,

1  Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-
2  statutory doctrine of double patenting, and the rules, regulations, and laws pertaining
3  thereto.

4      31.    A judicial declaration that the '127 Patent is invalid because it fails to
5  satisfy the conditions for patentability specified in Title 35 of the United States
6  Code is necessary and appropriate at this time so that SiRF can ascertain its rights
7  and duties with respect to the products and/or services Plaintiff accuses of infringing
8  the '127 Patent.

9      **RESERVATION OF ADDITIONAL COUNTERCLAIMS**

10      32.    As discovery in this case has not yet commenced, and as SiRF
11  continues to investigate the allegations set forth in the Complaint, SiRF specifically
12  gives notice that it intends to assert additional counterclaims as may become
13  available by law, statute, or upon discovery in this case.  As such, SiRF hereby
14  reserves the right to amend its Answer and to assert such additional counterclaims as
15  allowed by the Federal Rules of Civil Procedure and the Local Rules of the United
16  States District Court for the Central District of California.

17      **PRAYER FOR RELIEF**

18      SiRF respectfully prays for the following relief:

19  A.    That Plaintiff take nothing by its Complaint;

20  B.    That the Court dismiss each and every claim related to SiRF in
21  Plaintiff's Complaint with prejudice;

22  C.    That the Court find and enter a judgment declaring the '104, '480, '497
23  and '127 Patents each to be invalid under 35 U.S.C. §§ 101 *et seq.*;

24  D.    That the Court find and enter a judgment declaring that no claim of
25  '104, '480, '497 and '127 Patents is infringed or has been infringed by SiRF;

26  E.    That the Court find and enter a permanent injunction restraining
27  Plaintiff and its officers, partners, employees, agents, parents, subsidiaries, and
28  affiliates, and any other persons acting on its behalf or in concert with it, from suing

DEFENDANT SiRF TECHNOLOGY, INC.'S ANSWER AND COUNTERCLAIMS TO COMPLAINT

1  or threatening to sue for infringement of '104, '480, '497 and '127 Patents on the

2  basis of the making, using, selling, offering for sale, or importing of any SiRF

3  product or service;

4       F.     That the Court find and enter a judgment declaring that this is an

5  exceptional case justifying award of attorney fees against the Plaintiff pursuant to 35

6  U.S.C. § 285; and

7       G.     That the Court award SiRF any other relief the Court may deem just,

8  equitable, and proper.

9                        **DEMAND FOR JURY TRIAL**

10            In accordance with Fed. R. Civ. P. 38(b) and Local Rule 38-1, SiRF

11  demands a trial by jury on all issues so triable.

12

13  Dated:  June 4, 2008

14                                    SIMPSON THACHER & BARTLETT LLP

15

16                                    By
                                      GEORGE M. NEWCOMBE (SBN 202898)
17                                    gnewcombe@stblaw.com
                                      JEFFREY E. OSTROW (SBN 213118)
18                                    jostrow@stblaw.com
                                      SIMPSON THACHER & BARTLETT LLP
19                                    2550 Hanover Street
                                      Palo Alto, California 94304
20                                    Telephone:  (650) 251-5000
                                      Facsimile:  (650) 251-5002

21                                    HENRY B. GUTMAN (*pro hac vice*
22                                    pending)
                                      hgutman@stblaw.com
23                                    VICTOR E. COLE (*pro hac vice* pending)
                                      vcole@stblaw.com
24                                    SIMPSON THACHER & BARTLETT LLP
                                      425 Lexington Avenue
25                                    New York, New York 10017-3954
                                      Telephone: (212) 455-2000
26                                    Facsimile: (212) 455-2502

27                                    Attorneys for Defendant
                                      SiRF TECHNOLOGY, INC.
28

---

# **PROOF OF SERVICE**

1

2          I declare that I am over the age of eighteen (18) and not a party to this
action.  My business address is 1999 Avenue of the Stars, 29th Floor, Los Angeles,
3  California 90067.

4          On **June 4, 2008,** I caused to be served the following document:

5     **DEFENDANT SiRF TECHNOLOGY, INC.'S ANSWER AND**
**COUNTERCLAIMS TO BROADCOM CORPORATION'S COMPLAINT**
6  **FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

7  on the interested party(is) in this action by placing a true and correct copy of
document(s) in a sealed envelope addressed as follows:

8

9  ( )    **[U.S. MAIL]** I am readily familiar with the business practice for collection
and processing of correspondence for mailing with the United States Postal
10         Service.  I know that the correspondence is deposited with the United States
Postal Service on the same day this declaration was executed in the ordinary
11         course of business.  I know that the envelope was sealed and, with postage
thereon fully prepaid, placed for collection and mailing on this date, following
12         ordinary business practices in the United States mailed at Los Angeles,
California. I am aware that on motion of a party served, service is presumed
13         invalid if the postal cancellation date or postage meter date on the envelope is
more than one day after the date of deposit for mailing contained in this
14         affidavit.

15  ( X )  **[OVERNIGHT DELIVERY]** Via Federal Express or similar overnight
courier service, by depositing in a box or other facility regularly maintained
16         by such overnight delivery service, or delivering such envelope to a courier or
driver authorized by said overnight delivery service to receive documents, in
17         an envelope designated by said overnight delivery service with delivery fees
paid or provided for, addressed to the address last shown by that person on
18         any documents filed in this action.

19  ( )    **[PERSONAL SERVICE]** I caused the above-referenced document(s) to be
delivered to the above-named person(s).

20

21          Executed on **June 4, 2008,** at Los Angeles, California.

22

23  ( X )  **(FEDERAL)** I declare that I was retained by the office of a member of the
bar of this court at whose direction the service was made.

24                                                    _____

25                                                          Marisela Dicerio

26

27

28

-1-

Proof of Service

1
2
## SERVICE LIST
3
*Broadcom Corporation v. SiRF Technology, Inc.*
United States District Court of California Case No. CV SACV08-546 JVS (MLG)

4
5   Matthew A. Anderson, Esq.                          Counsel for Plaintiff:
    manderson@mcandrews-ip.com                         Broadcom Corporation
6   Gregory C. Schodde, Esq.
    gschodde@mcandrews-ip.com
7   Ronald H. Spuhler, Esq.
8   rspuhler@mcandrews-ip.com
    Thomas J. Wimbiscus, Esq.
9   twimbiscus@mcandrews-ip.com
10  McAndrews Held and Malloy Ltd.
    500 West Madison Street, Suite 3400
11  Chicago, IL 60661
12  Telephone: 312-775-8000
    Facsimile: 312-775-8100
13
14  Michael W. De Vries, Esq.
    mike.devries@lw.com
15  Dean G. Dunlavey, Esq.
    dean.dunlavey@lw.com
16  Latham & Watkins
17  650 Town Center Drive, 20th Floor
    Costa Mesa, CA 92626-1925
18  Telephone: 714-540-1235
19  Facsimile: 714-755-8290

20
21
22
23
24
25
26
27
28