DEAN G. DUNLAVEY (SBN 115530)
(dean.dunlavey@lw.com)
MICHAEL W. DE VRIES (SBN 211001)
(mike.devries@lw.com)
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290

THOMAS J. WIMBISCUS
(twimbiscus@mcandrews-ip.com)
GREGORY C. SCHODDE
(gschodde@mcandrews-ip.com)
RONALD H. SPUHLER
(rspuhler@mcandrews-ip.com)
MATTHEW A. ANDERSON
(manderson@mcandrews-ip.com)
McAndrews, Held & Malloy, Ltd.
3400 West Madison Street, Suite 3400
Chicago, Illinois 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| BROADCOM CORPORATION<br><br>Plaintiff,<br>vs.<br><br>SiRF TECHNOLOGY, INC.<br><br>Defendant. | **CASE No. SACV08-546 JVS (MLGx)**<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER** |

1    WHEREAS, Plaintiff Broadcom Corporation ("BROADCOM") and Defendant

2    SiRF Technology, Inc. ("SiRF") believe that certain information that is or may be

3    sought through discovery in the above-captioned case constitutes trade secrets or other

4    "confidential research, development, or commercial information" within the meaning

5    of Fed. R. Civ. P. 26(c)(1)(G); and

6    WHEREAS, Plaintiff and Defendant believe that it would facilitate discovery

7    to produce such information under a protective order pursuant to Fed. R. Civ. P. 26(c);

8    IT IS HEREBY ORDERED that:

9    1.    **Applicability of Protective Order:**  The terms and conditions of this

10   Protective Order shall govern the handling of documents, answers to interrogatories,

11   depositions, pleadings, exhibits, computer readable data storage media (including but

12   not limited to source code), and all other information exchanged by the parties in this

13   action, or provided by or obtained from non-parties, in this action.

14   2.    **Definitions:**  For   purposes   of   this   Order,   "CONFIDENTIAL

15   INFORMATION" means any information that a party or third party believes in good

16   faith to be confidential or sensitive information, including, but not limited to, trade

17   secrets, research, design, development, financial, technical, marketing, planning,

18   personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of

19   the Federal Rules of Civil Procedure and any applicable case law interpreting Rule

20   26(c)(1)(G).   "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" shall

21   include, but not be limited to, current product sales and pricing information; sales and

22

other financial projections or forecasts; trade secrets, design, development, and technical information; and future business plans or strategies, which information a party or third party believes in good faith to be highly confidential and highly sensitive information that, if disclosed to a competitor, may cause competitive harm. "ATTORNEYS' EYES ONLY-SOURCE CODE" shall mean source code or other electronic files used in network operations, comments for source code or network operation files, or other source code material whose wrongful dissemination could result in irreparable harm to the Disclosing Party. "PROTECTED INFORMATION" means (a) "CONFIDENTIAL INFORMATION," "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," or "ATTORNEYS' EYES ONLY-SOURCE CODE" material; (b) any copies, abstracts, summaries, or other derived from PROTECTED INFORMATION; and (c) any notes or other records embodying or disclosing the contents of PROTECTED INFORMATION. As used herein, "Disclosing Party" shall refer to the parties to this action and to third parties that give testimony or produce documents or other information, and "Receiving Party" shall refer to the parties to this action and to third parties that receive such information, to the extent that those third parties choose to be subject to this Protective Order.

3.    **Persons With Access to "CONFIDENTIAL INFORMATION":** Except as set forth below, in the absence of written permission from the Disclosing Party, or an order of the Court, information designated as "CONFIDENTIAL INFORMATION" may be disclosed only to the following persons:

1        a.     Any person having access to "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION";

b.     In-house litigation attorneys who are working on this action and who have executed the addendum attached hereto as Exhibit A.

c.     Any other person agreed to by the parties in writing.

d.     Required Undertakings:  "CONFIDENTIAL INFORMATION" shall not be disclosed to persons described in paragraphs 3(b) and (c) unless and until such person has executed an Agreement in the form attached as Exhibit A, and such Agreement has been served on counsel for all parties.

4.    **Persons With Access to "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION":** Except as set forth below, in the absence of written permission from the Disclosing Party or an order from the Court, information designated as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" may not be disclosed to any employee of a party, and may be disclosed only to the following persons:

a.    **Outside Counsel:**  Outside counsel of record in this action, paralegal assistants, and technical, administrative, and clerical employees working under the direct supervision of such attorneys;

b.    **Outside Experts and Consultants:**  Any outside expert or consultant, whether testifying or non-testifying, who is expressly retained or sought to be retained by any attorney described in paragraph 4(a) to assist in preparation of this action for trial, and qualified according to paragraph 6

below, with disclosure only to the extent necessary to perform such work;

c.   **Court Reporters:** Any interpreter, videographer, or court or other shorthand reporter or typist translating, recording, or transcribing testimony that includes "PROTECTED INFORMATION";

d.   **Authors and Recipients:** Any person to whom the document is sought to be disclosed that indicates on its face, or for which a prima facie showing can be made, that the receiving party is an author of, was an authorized recipient of, or is currently authorized to receive, the document. Documents for which a good faith belief exists that this paragraph applies may be shown to a witness at a deposition or trial for the purpose of establishing the applicability of this paragraph, but may not be retained by them if they are not in fact shown to be qualified under this paragraph, or are shown to not currently be an authorized recipient.

e.   **Service Contractors:** Established professionals in the field of litigation support services, including without limitation document processing, graphics preparation, or patent searching, and their respective secretarial and other assistants to whom it is necessary or useful to disclose PROTECTED INFORMATION;

f.   **The Court:** Personnel of the Court and all appropriate courts of appellate jurisdiction; and

g.   **Any other person agreed to** by the parties in writing.

h. **Required Undertakings:** "PROTECTED INFORMATION" shall not be disclosed to persons described in paragraphs 4(a), (b), (e) and (g) unless and until such person has executed an Agreement in the form attached hereto as Exhibit A, and such Agreement has been served on counsel for all parties.

5. **Source Code Protocol:** The parties have agreed on the following protocol for the inspection of "ATTORNEYS' EYES ONLY-SOURCE CODE" material, as defined above. Source Code includes, but is not limited to, files containing program text in "C", "C++", assembler, VHDL, Verilog, and digital signal processor (DSP) programming languages. Source Code further includes "make" files, link files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or DSP. Source Code does not include binary executable files and object code files.

a. The Disclosing Party will provide pre-Bates stamped and pre-confidentiality designated stamped (but otherwise blank) printing paper. Bates numbers and confidentiality legends will be applied in such a way as to not interfere with the printable region of the page. Source code may only be printed on such paper on a designated printer at a designated secure facility or facilities.

b. Only those persons identified in paragraphs 4(a), (b), (c), (e), (f) and (g) may have access to the secure facility(ies) for inspection of the

1    Disclosing Party's source code.

2         c.    ATTORNEYS' EYES ONLY-SOURCE CODE material, to the

3    extent in electronic format, will be provided on a standalone computer with all

4    ports, software, and other avenues that could be used to copy or transfer such

5    data blocked ("Standalone Computer").  The Standalone Computer shall be

6    maintained in the sole control and custody of the Disclosing party and shall be

7    maintained in the United States either in the Central District of California, at an

8    office of outside counsel for the Disclosing Party, or at such other location as

9    shall be mutually agreed to by the parties.

10        d.    Each time a person accesses a Standalone Computer, the person

11   shall sign a sign-in sheet prior to, and a sign-out sheet subsequent to, accessing

12   the Standalone Computer, including the name of the person accessing the

13   Standalone Computer, the date and time in and out, and whether any hard

14   copies were made.

15        e.    If the individual(s) inspecting the Disclosing Party's source code

16   desire to take notes, all such notes will be taken in bound, page-numbered

17   notebooks that shall be provided by the Disclosing Party upon request.  No

18   loose paper or other paper that can be used in a printer may be brought in to the

19   secure facility.

20        f.    Outside counsel for BROADCOM and SiRF will make

21   arrangements with the designated facility or facilities for the computer and the

22

1    printer.  The Receiving Party may request that standard software analysis tools

2    used by the Disclosing Party's source code developers be available on the

3    Disclosing Party's computer.  The Disclosing Party shall not record, monitor,

4    or otherwise attempt to obtain the work product of the Receiving Party during

5    the inspection.

6        g.    No computer component or peripheral that may be suitable for use

7    with the computer or printer in the room (including hard drives and floppy

8    drives, tape drives, modems and modem cards, etc.) will be permitted in the

9    secure facility.

10        h.    At the end of each working day, all originally printed pages will

11    be retained by Disclosing Party representatives, who will then make one copy

12    for the Receiving Party.  Only the copies of selected source code may be

13    removed from the facility by the individuals identified in paragraphs 4(a), (b),

14    and (g) above.

15        i.    No originally printed paper will be permitted to be removed from

16    the facility other than by representatives of the Disclosing Party.

17        j.    Inspecting personnel will be required to give 3 business days

18    notice of their identity and time of requested access before being granted access

19    to the secure facility during normal working hours (9:00 a.m. - 5:00 p.m. local

20    time, Monday through Friday).  Inspecting personnel must be persons who have

21    met the requirements of both this paragraph and paragraphs 4 and 6, including

22

the provision of any required undertakings and the clearance of any objections. Any person or party who fails to observe the notice requirements of paragraphs 4-6 and provide government-issued photo identification may be denied access. If an objection is made to any specific listed individual during the three-day notice period, that individual shall not have access to a Standalone Computer until resolution of such objection. The party seeking to deny such access shall, within five business days of receipt of the request for access under this paragraph, be required to serve on the opposing party a joint stipulation seeking a protective order pursuant to Local Rule 37, and shall have the burden on such motion of showing that the requested access should be denied. The meet and confer requirements of Rule 37-1 shall not apply to such a motion brought under this paragraph.

       k.     Notwithstanding any other provision set forth above, the Receiving party shall not have the right to, and agrees not to, copy, transmit, or duplicate ATTORNEYS' EYES ONLY-SOURCE CODE materials in any manner, including scanning or otherwise creating an electronic image of those materials, except as set forth below:

       (1)     A printer capable of printing at least 40 black and white pages per minute shall be attached to the STANDALONE COMPUTER, and the RECEIVING PARTY shall be supplied with paper and toner adequate to make no more than ten thousand (10,000) total pages of hard

copies of ATTORNEYS' EYES ONLY-SOURCE CODE material that they in good faith consider to be necessary to proving elements of their case.  The parties agree to meet and confer in good faith regarding any later request to enlarge this page limit, and agree not to unreasonably refuse any such request.

(2)    Any hard copies shall be conspicuously marked ATTORNEYS' EYES ONLY-SOURCE CODE.

(3)    All ATTORNEYS' EYES ONLY-SOURCE CODE material, including all copies thereof, in the possession of the Receiving Party shall be maintained in a secured, locked area.

(4)    ATTORNEYS' EYES ONLY-SOURCE CODE material utilized during a deposition or marked as an exhibit at a deposition shall be retrieved by the party conducting the deposition at the end of each day.  At no time shall any ATTORNEYS' EYES ONLY-SOURCE CODE material be given to or left with the court reporter or any other individual, other than any representative of the Disclosing or Receiving Party who is authorized to access ATTORNEYS' EYES ONLY-SOURCE CODE material under this Protective Order.

(5)    Notwithstanding the foregoing, the RECEIVING PARTY may make additional hard-copy of SOURCE CODE material for deposition exhibits, review by experts qualified under this Order,

exhibits to formal papers, trial exhibits, and the like, provided that all the other provisions of this Protective Order are followed.

(6)     Notwithstanding the foregoing, the RECEIVING PARTY shall not convert any hard-copy ATTORNEYS' EYES ONLY-SOURCE CODE material into any electronic format, except that .pdf or .tiff images made be made for use in the RECEIVING PARTY'S electronic litigation support systems.  Only those persons who have executed the agreement attached hereto as Exhibit A shall have access to ATTORNEYS' EYES ONLY-SOURCE CODE material, either in hard-copy format or in electronic form in the RECEIVING PARTY'S electronic litigation support systems.

l.     Export Control Requirements:  Notwithstanding anything to the contrary contained herein, the following additional requirements apply to ATTORNEYS' EYES ONLY-SOURCE CODE material:

i.     The RECEIVING PARTY acknowledges that ATTORNEYS' EYES ONLY-SOURCE CODE material received under this Protective Order may be subject to export controls under the laws of the United States and other applicable laws.  The RECEIVING PARTY shall comply with such laws and agrees not to knowingly export, re-export, or transfer ATTORNEYS' EYES ONLY-SOURCE CODE material of the Disclosing Party without first obtaining all required

1    United States or any other applicable authorizations or licenses.  The

2    RECEIVING PARTY acknowledges that ATTORNEYS' EYES

3    ONLY-SOURCE CODE material disclosed by the Disclosing Party may

4    be subject to U.S. laws or regulations, including but not limited to the

5    U.S. Export Administration Regulations (EAR), Export Control

6    Classification Number (ECCN) 5E001 pertaining to Dynamic Adaptive

7    Routing, Optical Switching, SS7, non-aggregated port speed data

8    transfer rates exceeding 15Gbps, and ECCN 5E002 cryptography.

9        ii.    The RECEIVING PARTY agrees to maintain adequate

10    controls to prevent nationals of countries listed in the EAR, Part 740

11    Supplement No. 1, Country Group D:1 or E from accessing the

12    Disclosing Party's ATTORNEYS' EYES ONLY-SOURCE CODE

13    material, subject to ECCN 5E001, or nationals outside the U.S. and

14    Canada from accessing such ATTORNEYS' EYES ONLY-SOURCE

15    CODE material, subject to ECCN 5E002, without U.S. Government

16    authorization.  The RECEIVING PARTY furthermore agrees to notify

17    the Disclosing Party prior to granting a foreign national of countries

18    listed in the groups D:1 or E access to the STANDALONE

19    COMPUTER, access to hard copes of ATTORNEYS' EYES

20    ONLY-SOURCE CODE material, or placement on a project requiring

21    receipt or review of the Disclosing Party's ATTORNEYS' EYES

22

ONLY-SOURCE CODE material.  The term "national" is defined as any person who is not a U.S. person or national/citizen, lawful permanent resident, person granted asylum or refugee status, or temporary resident granted amnesty.

6.    **Qualification of Outside Experts and Consultants:**  Outside experts and consultants shall not be current employees of a party or have been employed by a party within one (1) year prior to the disclosure of "PROTECTED INFORMATION." Such "PROTECTED INFORMATION" shall not be disclosed to any such expert or consultant until after a period of ten (10) calendar days after service on all parties of an executed Exhibit A and identifying information for the expert or consultant, including his/her name, address, and job title; the name and address of his/her employer; and a current curriculum vitae including a list of all companies for which such person has consulted during the last three (3) years.  The party receiving notice of such expert and service of such identifying information shall have five business days from the date of such notice to object in writing to the provision of "PROTECTED INFORMATION" to the outside expert or consultant.  The objection must be in the form of a L.R. 37-1 letter.  Unless the parties otherwise resolve the objection, the objecting party shall have the longer of five (5) business days from the date of the Rule 37-1 conference or fifteen (15) days from the date of the L.R. 37-1 letter to serve a Rule 37-1 Stipulation to preclude the employment of the expert or consultant and/or disclosures of "PROTECTED INFORMATION" to him or her.

1    Notwithstanding any other provision of this paragraph, no "PROTECTED

2    INFORMATION" will be disclosed to the person who is the subject of the objection

3    until the motion is decided.  The times to object and respond as set out in this

4    subparagraph shall not begin to run unless the identifying information served

5    regarding the expert complies with the requirements set out herein.

6         7.    **Persons Barred From Access to "PROTECTED INFORMATION":**

7    Subject to (and in addition to) the other limitations and protections set forth in this

8    Protective Order regarding who may access "CONFIDENTIAL INFORMATION,"

9    "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," or "ATTORNEYS'

10   EYES ONLY-SOURCE CODE" information, respectively, "PROTECTED

11   INFORMATION" shall not be disclosed to persons described above if such persons

12   are currently participating or will participate, in whole or in part, directly or indirectly,

13   in:

14         a.    competitive decision-making relating to the PROTECTED

15              INFORMATION; or

16         b.    otherwise advising company officers or members of the

17              board of directors on legal or non-legal matters directly, where such

18              decision-making or advice may be materially influenced by knowledge

19              of PROTECTED INFORMATION about the Disclosing Party's activities

20              in any field in which the Disclosing Party sells products.

21   Persons falling under paragraphs 7.a. and 7.b. may be given access to

22

"PROTECTED INFORMATION" if they forswear the activities described in paragraphs 7.a. and 7.b. for the period commencing with their first access to "PROTECTED INFORMATION" from the Disclosing Party and ending one (1) year after the conclusion of this litigation, including appeals, or their last review of PROTECTED INFORMATION, whichever is earlier. "PROTECTED INFORMATION" shall not be disclosed to persons described in paragraphs 7.a. or 7.b. unless and until such person has executed an Agreement in the form attached as Exhibit A and the Exhibit has been served on counsel for all parties.

8. **Prosecution Bar:** Notwithstanding the foregoing and any other provision of this Protective Order, a Receiving Party shall not use any PROTECTED INFORMATION of a Disclosing Party for the purpose of prosecuting any patent application in connection with any proceeding (including, without limitation, any ex parte or inter partes proceeding, including but not limited to any reexamination proceeding) before the United States Patent and Trademark Office ("PTO") or before any foreign agency responsible for issuing patents. In addition, notwithstanding any other provision of this Protective Order, any individual, including, without limitation, any in-house counsel, outside counsel, or independent expert, who reviews any PROTECTED INFORMATION shall be barred from Patenting for the pendency of this litigation and for one year after this case is terminated (either through settlement or judgment, including any appeals). "Patenting," as used in this section, shall mean, in connection with any proceeding (including, without limitation, any ex parte or inter

partes proceeding, including but not limited to any reexamination proceeding) before the PTO or any foreign agency responsible for issuing patents, selecting or identifying the subject matter of any patent claim or application and/or assisting with, preparing, drafting, or prosecuting, in whole or in part, directly or indirectly, any patent claim or application relating to (a) the patents in suit, or (b) GPS chips and associated firmware and/or software used with the chips for GPS signal acquisition and/or processing; or assisted GPS control software used in mobile system ("MS") assisted, MS-based, and enhanced autonomous modes of operation.  "PROTECTED INFORMATION" shall not be disclosed to persons described in this paragraph 8 unless and until such person has executed an Agreement in the form attached as Exhibit A, and such Agreement has been served on counsel for all parties.  Any person who gains access to any PROTECTED INFORMATION shall not disclose, discuss or communicate (in any manner whatsoever) such PROTECTED INFORMATION to or with any employee of the Receiving Party's law firm (or any other person or entity) engaged in PATENTING.  Each firm shall put in place an appropriate ethical wall to prevent any disclosure prohibited by this Paragraph 8.

9.  **Storage and Copies of "PROTECTED INFORMATION":**  The recipient of any "CONFIDENTIAL INFORMATION," "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," or "ATTORNEYS' EYES ONLY-SOURCE CODE" material that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care

with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information; provided, however, that BROADCOM's and SiRF's designated in-house litigation counsel shall maintain any "PROTECTED INFORMATION" provided pursuant to this Protective Order in a locked file cabinet in a segregated file, or in the electronic equivalent, that prevents access by any other personnel of the Receiving Party.  "CONFIDENTIAL INFORMATION", "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION", and SOURCE CODE shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization, or abstraction is reasonably necessary for the conduct of this lawsuit.  All such copies, reproductions, summaries, and abstractions shall be subject to the terms of this Protective Order, and shall be labeled and maintained in same manner as the designated material on which they are based.

10.    **Designating "PROTECTED INFORMATION":** Disclosing Parties shall designate "CONFIDENTIAL INFORMATION," "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," or "ATTORNEYS' EYES ONLY-SOURCE CODE" material as follows:

a.    **Documents:**  In the case of documents, interrogatory answers, responses to requests for admission, and the information contained therein, designation shall be made by placing the following legend on the cover page of any such document, as well as each page that contains PROTECTED

INFORMATION, prior to production: "[Receiving Party's] CONFIDENTIAL INFORMATION," "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," or "ATTORNEYS' EYES ONLY-SOURCE CODE," as appropriate, along with the identity of the Disclosing Party and the case number (e.g. [Disclosing Party's] CONFIDENTIAL INFORMATION, C.D. Cal. SACV08-546 JVS).   The foregoing shall not preclude the inclusion of additional text in the legend, such as "Subject to Protective Order," or any similar designation.

b.     Any documents or tangible things made available for inspection prior to producing copies of those documents or things shall initially be deemed "CONFIDENTIAL-ATTORNEYS' EYES ONLY" unless otherwise designated at the time of inspection, and shall be subject to this Protective Order. Thereafter, the Disclosing Party shall have a reasonable time to review and designate the documents prior to furnishing copies to the Receiving Party.

c.     In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL INFORMATION," "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," or "ATTORNEYS' EYES ONLY-SOURCE CODE," as appropriate, at the time of its production, that party may within fourteen (14) days after becoming aware of the undesignated disclosure designate such information as "CONFIDENTIAL INFORMATION" or "OUTSIDE

ATTORNEYS' EYES ONLY INFORMATION," or "ATTORNEYS' EYES ONLY-SOURCE CODE," as appropriate, by giving written notice to the Receiving Party and producing designated copies of the information, at its own cost, within a reasonable time.  Under such circumstances, if the Receiving Party has made further disclosures of such information prior to receipt of such written notice, the Receiving Party shall comply with paragraph 19 below.  No Receiving Party shall have any other obligation or liability due to any disclosure of the information that occurred prior to the receipt of such written notice; provided, however, that any subsequent disclosures shall be in accordance with such designation.

d.   **Deposition Proceedings:**  In the case of depositions, designation of the portion of the transcript (including exhibits) that contains "CONFIDENTIAL INFORMATION," "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," or "ATTORNEYS' EYES ONLY-SOURCE CODE" material shall be made by a statement to such effect on the record at any point during the course of the deposition; or, upon review of such transcript, by counsel for the party to whose "CONFIDENTIAL INFORMATION," "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," "ATTORNEYS' EYES ONLY-SOURCE CODE" material the deponent has had access, said counsel designating within thirty (30) calendar days after counsel's receipt of the final transcript, and listing on a separate piece of paper the numbers of the

1    pages of the transcript containing "CONFIDENTIAL INFORMATION,"

2    "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," or

3    "ATTORNEYS' EYES ONLY-SOURCE CODE" material, inserting the list at

4    the end of the transcript, and mailing copies of the list to the opposing party and

5    the court reporter so that it may be affixed to the transcript and each copy

6    thereof.  Pending such designation by counsel, the entire deposition transcript,

7    including exhibits, shall be deemed "CONFIDENTIAL INFORMATION,"

8    unless counsel during the deposition states that the information is "OUTSIDE

9    ATTORNEYS' EYES ONLY INFORMATION" or "ATTORNEYS' EYES

10   ONLY-SOURCE CODE."   If no designation is made within thirty (30) days

11   after receipt of the transcript, the transcript shall be considered not to contain

12   any "CONFIDENTIAL INFORMATION," "OUTSIDE ATTORNEYS' EYES

13   ONLY INFORMATION," or "ATTORNEYS' EYES ONLY-SOURCE

14   CODE," other than those portions designated on the record during the

15   deposition, if any.  An omnibus oral claim of confidentiality in the entirety of

16   a transcript, must be supplemented by a written designation in accordance with

17   this paragraph within thirty days of receipt of the transcript by the Disclosing

18   Party.  In the event that a party inadvertently fails to designate portions of a

19   transcript and exhibits thereto as "CONFIDENTIAL INFORMATION,"

20   "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," or

21   "ATTORNEYS' EYES ONLY-SOURCE CODE," as appropriate, that party

22

may, within fourteen (14) days after becoming aware of its inadvertent failure to designate, designate such information as "CONFIDENTIAL INFORMATION," "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," or "ATTORNEYS' EYES ONLY-SOURCE CODE," as appropriate, by giving written notice to the Receiving Party.  Under such circumstances, if the Receiving Party has made further disclosures of such information prior to receipt of such written notice, the Receiving Party shall comply with paragraph 19 below.  No Receiving Party shall have any other obligation or liability due to any disclosure of the information that occurred prior to the receipt of such notice; provided, however, that any subsequent disclosures shall be in accordance with such designation.  Counsel using third-party "PROTECTED INFORMATION" during a deposition shall designate portions of the transcript (including exhibits) that contain such information in accordance with the third-party designation.

   e. **Non-Paper Media:** Any "CONFIDENTIAL INFORMATION," "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," or "ATTORNEYS' EYES ONLY-SOURCE CODE" material produced in non-paper media (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL INFORMATION," "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," or "ATTORNEYS' EYES ONLY-SOURCE

CODE," as appropriate.  In the event a Receiving Party generates any hard-copy transcription or printout from any such designated non-paper media, such party must stamp each page "CONFIDENTIAL INFORMATION" "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," or "ATTORNEYS' EYES ONLY-SOURCE CODE," as appropriate, and the hard copy, transcription, or printout shall be treated as it is designated.

    f. **Third-Party Information Containing PROTECTED INFORMATION:**  Whenever any party determines in good faith that information produced or disclosed by a non-party contains that party's PROTECTED INFORMATION, that party may designate such material even when it has not been so designated by the non-party producing them.  The party so designating these materials as PROTECTED INFORMATION shall provide, at its own expense, copies of all such materials stamped or marked as PROTECTED INFORMATION to the Receiving Party.  The Receiving Party shall then have the same rights with respect to any such PROTECTED INFORMATION, and the designation thereof, that it would otherwise have with respect to PROTECTED INFORMATION produced and designated by a party, including the right to challenge any such designation under the procedures set forth below.

   11. Any party that submits any PROTECTED INFORMATION to the court shall comply with the procedures set forth in Rule 79-5.1 of the local rules.  The

1    PROTECTED INFORMATION as filed shall clearly indicate which portions are

2    designated as containing CONFIDENTIAL INFORMATION, "OUTSIDE

3    ATTORNEYS' EYES ONLY INFORMATION," or "ATTORNEYS' EYES

4    ONLY-SOURCE CODE" material, as appropriate.  In addition, a party moving to seal

5    PROTECTED INFORMATION submitted to the court shall clearly designate such

6    motion as a motion to seal PROTECTED INFORMATION under this Protective

7    Order.  To the extent permitted by, and not inconsistent with, the applicable local

8    rules, all PROTECTED INFORMATION filed with the court shall be maintained

9    under seal until further order of the court.

10        12.    **Challenging Designation of Materials:**  A party shall not be obligated

11   to challenge the propriety of a "CONFIDENTIAL INFORMATION," "OUTSIDE

12   ATTORNEYS' EYES ONLY INFORMATION, or "ATTORNEYS' EYES

13   ONLY-SOURCE CODE" designation at the time the designation is made, and failure

14   to do so shall not preclude a subsequent challenge thereto during the pendency of this

15   litigation.  In the event that any party to this litigation disagrees at any stage of these

16   proceedings with such designation, such party may provide to the Disclosing Party

17   written notice of its disagreement with the designation. All challenges to the propriety

18   of a confidentiality designation shall first be made in writing, identifying the specific

19   material challenged.  Within ten (10) days of such a challenge, the Disclosing Party

20   shall substantiate the basis for such designation in writing to the objecting party.  The

21   parties shall first attempt to resolve such challenges in good faith on an informal basis

22

1   for a period of at least ten (10) days.  If the dispute cannot be resolved within that time

2   period, the party challenging the designation may then seek appropriate relief from the

3   Court.  The burden of proving that information has been properly designated as

4   "CONFIDENTIAL INFORMATION," "OUTSIDE ATTORNEYS' EYES ONLY

5   INFORMATION," or "ATTORNEYS' EYES ONLY-SOURCE CODE," as

6   appropriate, is on the party making such designation.  Any challenged designation

7   remains in force until the propriety of such designation has been determined, either

8   by agreement of the parties or by order of the Court, as outlined above.

9        13.   **No Application to Public or Otherwise Available Information:**

10  Notwithstanding the designation, as provided above, of any testimony, evidence, or

11  other information as "CONFIDENTIAL INFORMATION," "OUTSIDE

12  ATTORNEYS' EYES ONLY INFORMATION," or "ATTORNEYS' EYES

13  ONLY-SOURCE CODE," said documents, testimony, evidence, and other materials

14  shall not, in fact, be deemed "CONFIDENTIAL INFORMATION," "OUTSIDE

15  ATTORNEYS' EYES ONLY INFORMATION," or "ATTORNEYS' EYES

16  ONLY-SOURCE CODE," as appropriate, and shall not be subject to this Protective

17  Order, if the substance thereof:

18        a.    is, at the time of disclosure by the Disclosing Party, public

19             knowledge by publication or otherwise;

20        b.    has become, at any time, and through no act or failure to act on the

21             part of the Receiving Party and without breach of any obligation of confidence

1    (including but not limited to the obligation to comply with the terms of this

2    Protective Order), public knowledge;

3         c.    has previously been disclosed by the Disclosing Party to the

4    Receiving Party in public; or

5         d.    has been made available to the Receiving Party by a third person

6    who obtained it by legal means and without any obligation of confidence to the

7    Disclosing Party.

8         14.   **Use of "PROTECTED INFORMATION":**   Except as set forth

9    elsewhere herein, "CONFIDENTIAL INFORMATION", "OUTSIDE ATTORNEYS'

10   EYES ONLY INFORMATION" or "ATTORNEYS' EYES ONLY-SOURCE CODE"

11   material shall be used by the Receiving Party only for the purpose of conducting this

12   action, and no contents thereof, shall be disclosed to or used by any representative,

13   agent, attorney, or employee of the Receiving Party, except as provided herein.

14   However, nothing in this Protective Order shall preclude any party to the lawsuit or

15   its attorneys from disclosing or using, in any manner or for any purpose, any

16   information or documents from that party's own files that the party itself has

17   designated as "CONFIDENTIAL INFORMATION," "OUTSIDE ATTORNEYS'

18   EYES ONLY INFORMATION," or "ATTORNEYS' EYES ONLY-SOURCE

19   CODE."

20        15.   **Access to Productions and Papers from Other Actions Between the**

21   **Parties:**  Notwithstanding provisions of protective orders entered in other actions

22

currently pending between SiRF and BROADCOM ("Co-Pending Actions"), the persons entitled to review PROTECTED INFORMATION under this Protective Order shall have access to, and may make use for purposes of this case the information in, all depositions, documents, information, or things produced by a party in connection with any Co-Pending Action, including responses to requests for the production of documents, answers to interrogatories, responses to request for admissions, answers to deposition questions, and all other discovery, as well as any pleading filed under seal, testimony adduced at trial, or matters in evidence, to the extent that such access and use otherwise complies with the terms of this Protective Order.  Any such access will be on terms consistent with the designations in paragraphs 16(a) and (b).

16.   **Use of Production from Co-Pending Actions:**   Notwithstanding provisions of protective orders entered in Co-Pending Actions, a party may respond to requests for production of documents, interrogatories, request for admissions, or any other discovery request pursuant to the Federal Rules of Civil Procedure by identifying, for that numbered request, a specific Bates range of documents or things previously produced, or information previously provided, in a Co-Pending Action, that is responsive to the request.  In the event that a party responds to a discovery request in such a manner, the information identified shall be treated as if it had been produced or provided in the present action pursuant to the provisions of this Protective Order.

a.   In addition, information previously produced or provided in a

Co-Pending Action without confidentiality designation shall likewise receive no confidentiality designation in this action.  However, such information shall be subject to the provisions set forth in this Protective Order for the inadvertent production of PROTECTED INFORMATION without confidentiality designation, which provisions shall apply to the information produced or provided in a Co-Pending Action as if that information had been produced here.

b.    Information previously produced, provided, or designated in a Co-Pending Action as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" (or with any equivalent designation) shall be treated here as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" (or "ATTORNEYS' EYES ONLY INFORMATION-SOURCE CODE," as appropriate).

17.    **Use in Court Proceeding Will Not Affect Confidential Status:**  In the event that any PROTECTED INFORMATION is used in any court proceeding in connection with this litigation, it shall not lose its confidentiality designation through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

18.    **Third-Party "PROTECTED INFORMATION":**  If they so choose, third parties may (a) designate deposition transcripts and any documents or information they produce, whether voluntarily or by subpoena, as "CONFIDENTIAL INFORMATION," "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," or

"ATTORNEYS' EYES ONLY-SOURCE CODE," as appropriate, to the same extent and in the same manner as parties to this litigation, and such documents or information shall be treated by the parties to this litigation in the same manner as documents or information so designated by a party; and (b) intervene in this litigation to enforce the provisions of this Protective Order as if they were a party.

19. **Inadvertent Disclosure:** If PROTECTED INFORMATION, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the Receiving Party shall notify the Disclosing Party of the inadvertent disclosure and use its best efforts to retrieve immediately all copies of such document(s) or information and to bind such person to the terms of this Protective Order, including cooperating in obtaining an order of the court to remedy the disclosure, if necessary. In such event, the Receiving Party also shall (a) promptly inform such person of all the provisions of this Protective Order; (b) identify such person immediately to the Disclosing Party and inform the Disclosing Party of all pertinent facts relating to such disclosure, and (c) request that such person sign the acknowledgment in the form attached hereto as Exhibit A. These provisions also apply to information that was not marked at the time of disclosure, but was subsequently marked pursuant to paragraph 10.

20. **Subpoenas in Other Actions:** In the event any Receiving Party having possession, custody, or control of any PROTECTED INFORMATION receives from

1    a third party a subpoena or other process or order to produce such information in

2    another legal proceeding, such Receiving Party shall notify counsel for the Disclosing

3    Party of the subpoena or other process or order, furnish counsel for the Disclosing

4    Party with a copy of said subpoena or other process or order, and cooperate with

5    respect to all reasonable procedures sought to be pursued by the Disclosing Party

6    whose interests may be affected to protect its PROTECTED INFORMATION.  The

7    Disclosing Party or third party asserting the "CONFIDENTIAL INFORMATION,"

8    "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," or  "ATTORNEYS'

9    EYES ONLY-SOURCE CODE" designation shall have the burden of challenging or

10   otherwise defending against such subpoena, process, or order.  Until and unless there

11   is an agreement between the parties or a further order of the Court, the party receiving

12   the subpoena or other process or order shall ensure protection of confidentiality.

13          21.    **Exclusion of Individuals From Depositions:**  Counsel for either party

14   shall have the right to exclude from oral depositions any individuals (other than the

15   deponent, the deponent's outside counsel, outside counsel for the deposing party, the

16   videographer, and the court reporter) who are not permitted under this Protective

17   Order to review CONFIDENTIAL INFORMATION, OUTSIDE ATTORNEYS'

18   EYES ONLY INFORMATION, or  ATTORNEYS' EYES ONLY-SOURCE CODE

19   material, respectively, that is being disclosed during the deposition. Such right of

20   exclusion shall be applicable only during periods of examination or testimony directed

21   to or comprising the CONFIDENTIAL INFORMATION, OUTSIDE ATTORNEYS'

22

1   EYES ONLY INFORMATION, or  ATTORNEYS' EYES ONLY-SOURCE CODE

2   material that the individual is not permitted to see under the Protective Order.

3        22.   **Conclusion of Litigation:**  Within sixty (60) days after the termination

4   of this action in its entirety, whether through settlement or final judgment (including

5   any and all appeals therefrom), each Receiving Party will, at the option of the

6   Disclosing Party, either return to the Disclosing Party or destroy all

7   "CONFIDENTIAL INFORMATION" and all "OUTSIDE ATTORNEYS' EYES

8   ONLY INFORMATION" produced by the Disclosing Party and all copies thereof.

9   The sole exception to this requirement is that outside counsel for each party shall be

10  entitled to retain all pleadings, motion papers, legal memoranda, correspondence,

11  work product, attorney-client communications, trial transcripts, and trial exhibits

12  admitted into evidence.

13       23.   **Protective Order Survives Termination of Litigation and the Court**

14  **Retains Jurisdiction:**  Except as specifically provided herein, the terms, conditions,

15  and limitations of this Protective Order shall survive the termination of this action.

16  This Protective Order shall remain in force and effect until modified, superseded, or

17  terminated by consent of the parties or by order of the Court made upon reasonable

18  written notice.  The Court retains jurisdiction even after termination of this action to

19  enforce this Protective Order and to make such amendments, modifications, deletions,

20  and additions to this Protective Order as the Court may from time to time deem

21  appropriate.

22

SACV08-546 JVS (MLGx)          - 30 -          [Proposed] Protective Order

24. **All Rights Reserved:** This Protective Order is without prejudice to the right of any party to seek other or further relief from the Court.

25. **No Waiver of Any Right to Object:** This Protective Order shall not be construed as waiving any right to object to the production of any document or things on the basis of privilege, relevance, overbreadth, burdensomeness, or any other ground under the discovery rules and any other applicable laws.

26. **No Waiver of Privilege or Work Product:** It is agreed that inadvertent production of documents or information subject to the attorney-client privilege or work product immunity (despite the parties' reasonable efforts to prescreen such documents and information prior to production) does not waive the attorney-client privilege or work product immunity with respect to such production or with respect to other materials or information referred to in the materials produced, if a request for return or destruction of such documents or information is made promptly after the disclosing party learns of its inadvertent production. Upon such request, the other party or parties shall promptly comply with the procedure specified by Fed. R. Civ. P. 26(b)(5)(B). The return of documents under this paragraph shall not constitute an acknowledgment that the claimed document or information is in fact privileged or entitled to any protection or immunity. Nothing in this paragraph shall prejudice the right of any party to seek discovery of communications, documents, and things as to which a claim of privilege or protection has been made.

27. **Advice Based On "PROTECTED INFORMATION" Allowed:**

1    Nothing in this Protective Order shall bar or otherwise restrict any attorney from

2    rendering advice to his client with respect to this litigation and, in the course of

3    rendering advice, referring to or relying generally on counsel's examination of

4    PROTECTED INFORMATION; provided, however, that, in rendering such advice

5    and in otherwise communicating with their client, the attorney shall not disclose the

6    contents of any PROTECTED INFORMATION produced by another party if that

7    disclosure would be contrary to the terms of this Protective Order.

8         28.   **No Effect On Other Legal Obligations:** This Protective Order shall not

9    abrogate or diminish any contractual, statutory, or other legal obligation or right of

10   any party or person with respect to any PROTECTED INFORMATION. The fact that

11   information is designated "CONFIDENTIAL INFORMATION," "OUTSIDE

12   ATTORNEYS' EYES ONLY INFORMATION," or "ATTORNEYS' EYES

13   ONLY-SOURCE CODE" under this Protective Order shall not be deemed to be

14   determinative of what a trier of fact may determine to be confidential or proprietary.

15        29.   **Redaction Allowed:**   Any Disclosing Party may redact from the

16   documents and things it produced any information that the Disclosing Party claims is

17   subject to attorney-client privilege, work product immunity, a legal prohibition against

18   disclosure, or any other privilege or immunity. The Disclosing Party shall mark each

19   thing where matter has been redacted with a legend stating "REDACTED FOR

20   PRIVILEGE," as appropriate, or a comparable notice. Where a document consists of

21   more than one page, at least each page on which information has been redacted shall

22

be so marked.  The Disclosing Party shall preserve an unredacted version of each such document and provide a log of the information redacted or otherwise withheld.

30.   **Violations of Protective Order:**  In the event that any person or party should violate the terms of this Protective Order, the aggrieved disclosing party may immediately apply to obtain injunctive relief against any such person or party violating or threatening to violate any of the terms of this Protective Order.  The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain continuing jurisdiction over it and them for the purpose of enforcing this Protective Order, even after the conclusion of this litigation.

31.   **Reasonable Modifications Upon Written Agreement:** The parties may agree in writing to reasonable modifications of this Protective Order.

IT IS SO ORDERED.

Dated: <u>October 3, 2008</u>

_____
Marc L. Goldman
United States Magistrate Judge

# EXHIBIT A

## AGREEMENT CONCERNING INFORMATION

## COVERED BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I have received a copy of the Protective Order entered in this action (Case No.  SACV08-546 JVS (MLGx)) by the United States District Court for the Central District of California (hereinafter, the "Protective Order").

1.     I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

2.     I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

3.     If I receive documents or information designed as "CONFIDENTIAL INFORMATION," "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," or "ATTORNEYS' EYES ONLY-SOURCE CODE" (as those terms are defined in the Protective Order),  I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

4.     I agree to hold in confidence and not further disclose or use for any purpose (other than as permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order, and I specifically acknowledge the restrictions and agree to refrain from the activities described in Protective Order paragraphs 5(l), 7, and 8.

5.      I believe that I am qualified to receive PROTECTED INFORMATION

under paragraph(s) _____ of the Protective Order.

6.      I am one of the following:  Citizen or National of the United States;

Lawful Permanent Resident of the United States ("green card"); Refugee in the United

States; Person granted Asylum by the United States; or Temporary Resident (granted

under Amnesty or Special Agricultural Worker provisions.  The term "Temporary

Resident" does not include persons in nonimmigrant status such as H-1B,  L-1, F-1,

etc) in the United States.

_____ Yes                     _____ No


7.      Answer only if "No" is checked in paragraph 6:  I am, or once was, a

citizen of Iran, Sudan, Cuba, Syria, or N. Korea.

_____Yes                     _____ No


8.      I hereby submit myself to the jurisdiction of the United States District

Court for the Central District of California for resolution of any matters pertaining to

the Protective Order.


My address is _____

_____

_____

1    My present employer is _____

2

3

4

5    Dated: _____          Signed: _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22